**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:11-cr-00064-JCM-CWH |
| vs. ) | **ORDER** |
| DAVID DAMANTE, ) | |
| Defendant. ) | |

This matter is before the Court on the Government's Petition for Action on Conditions of Pretrial Release (#85, #86), filed on June 1, 2012. The Court conducted a hearing in this matter pursuant to Title 18 of the United States Code, Section 3148(b) on July 17, 2012.

### BACKGROUND AND DISCUSSION

The indictment in this case charges Defendant David Damante with wire fraud in violation of 18 U.S.C. §1343 and aid and abetting in violation of 18 U.S.C. §2. The indictment alleges that Defendant fraudulently obtained $1 million from one victim and $2 million from two other victims through false representations that the funds would be invested and that the victims would receive substantial profits on their investments. The indictment alleges that Defendant instead used the funds for his personal benefit, including the purchases of Ferrari and Mercedes Benz automobiles and a boat and trailer. The indictment contains a forfeiture allegation seeking criminal forfeiture of a 2006 Ferrari F430 F1 automobile, a 2008 Mercedes Benz SL550 and a 2008 Supra Sunsport boat and 2008 Boatmate trailer. The Government advised the Court during the hearing that these items were seized by the Government pursuant to seizure warrants in early 2011 and have been in the custody of the United States Marshal's Service since that time. There were no liens on the automobiles and boat and trailer at the time of the seizures.

During Defendant's initial appearance in the District of Arizona on October 19, 2011, as a result of his arrest pursuant to a previous petition for action on conditions of pretrial release, the court modified Defendant's conditions of pretrial release to require that:

> The Defendant shall not enter into any financial accounts to include bank accounts, money market accounts, stock accounts, credit union accounts, and credit card accounts and shall not enter into any financial obligations to include secure transactions, purchase agreements and any financial applications in excess of $1,500, with the exclusion of appropriate legal defense expenditures, without prior notification and approval of Pretrial Services. *Sealed Rule 5(c) Documents Received as to David Damante (#40), page 11, filed in this Court on October 26, 2011.*

This Court adopted and imposed the foregoing condition on November 21, 2011. *See Minutes of Proceedings (#48).* The Court subsequently modified this condition on February 9, 2012, to require that Defendant notify and obtain the approval of **the Court** prior to entering into any financial applications in excess of $1,500. *Minutes of Proceedings (#60).*

During the July 17, 2012 hearing, the Government presented clear and convincing evidence that Defendant violated the foregoing condition by attempting to enter into a $1,650,000 loan transaction between February 22, 2012 and June 5, 2012, without notifying Pretrial Services or the Court. Based on this violation and Defendant's previous history of non-compliance with his conditions of pretrial release, the Court found that he is unlikely to abide by any condition or combination of conditions of release, particularly as they relate to the requirement that he not engage in or attempt to engage in financial transactions without Court approval. The Court therefore ordered that his pretrial release be revoked pursuant to 18 U.S.C. §3148(b)(1)(B) and (2).

During the July 17, 2012 hearing, the Government also presented telephonic testimony by Robert Johnson who operates a lending business known as Guaranteed Loans, LLC. Mr. Johnson testified that in or about July, 2011, he agreed on behalf of Guaranteed Loans, LLC to loan Mr. Damante $125,000.00, secured by collateral liens on the 2006 Ferrari F430 F1 automobile, the 2008 Mercedes Benz SL550 and the 2008 Supra Sunsport boat and 2008 Boatmate trailer that the Government previously seized. Mr. Johnson testified that Mr. Damante represented that he was the lawful owner of the motor vehicles and boat and trailer. Defendant did not inform Mr. Johnson that the items had been seized by the Government. Mr. Johnson testified that he advanced a portion of

the loan funds to Mr. Damante, but withheld the balance of the loan funds until Mr. Damante could produce the vehicles and boat and trailer for Mr. Johnson's inspection.[1]  He testified that Mr. Damante never presented the vehicles for inspection and he did not advance additional loan funds. He also testified that Mr. Damante has not repaid the loan amounts advanced to him and the liens remain on the vehicles and the boat and trailer.  The Government introduced a copy of the Collateral Loan Security Agreement signed by Defendant and title documents that Defendant provided to Mr. Johnson.  The Government also provided print-outs from the United States Marshals Service showing that there were no liens on the items at the time of the seizures and the presence of the collateral liens on the items since July 19, 2011.  *Government's Exhibits 1 and 5.*

      The Government also proffered that Mr. Damante was aware of the seizures of the automobiles and boat and trailer prior to entering into the secured loan transaction because he filed a motion(s) to lift the seizures.  The Government argues that this evidence provides probable cause to believe that Defendant has committed a federal crime by encumbering the seized property in violation of 18 U.S.C. §1518 and 18 U.S.C. §2232.  Title 18 of the United States Code, Section 1518 makes it a crime to willfully obstruct criminal investigations of health care offenses and is inapplicable to this case.  Title 18 of the United States Code, Section 2232(a) makes it a felony to knowingly destroy, damage, waste, dispose of or transfer or otherwise take any action for the purpose of impairing the Government's lawful authority to seize property.  Section 2232(b) also makes it a felony to knowingly destroy, damage, waste, dispose of or transfer or otherwise take any action for the purpose of impairing or defeating the court's continuing in rem jurisdiction over property that is the subject of civil forfeiture proceedings.  Based on the evidence provided during the July 17, 2012 hearing, the Court finds that there is probable cause to believe that Defendant David Damante has violated 18 U.S.C. §2232(a) and (b).

. . .

. . .

---

[1] Mr. Johnson was unable to testify as to the amount of funds advanced to Defendant because he was away from his office in Arizona and did not have an independent recollection of the amount he advanced.

18 U.S.C. §3148(b)(2) states:

> If there is probable cause to believe that while on release, the person has committed a Federal, State or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

Defendant has not provided any evidence or information that would rebut the presumption arising under §3148(b)(2). Based on the evidence provided during the hearing, the Court also finds that Defendant poses a substantial risk of economic harm to the community in that he appears to have engaged in financial activity while on pretrial supervision that, if successful, would defraud other persons. The Court therefore finds that Defendant David Damante's pretrial release should also be revoked on this basis. Accordingly,

**IT IS HEREBY ORDERED** that Government's Petition for Action on Conditions of Pretrial Release (#85, #86) is **granted** and Defendant's pretrial release is also revoked based on the additional ground that there is probable cause to believe that Defendant has violated 18 U.S.C. §2232 and that there is no condition or combination of conditions that would protect the community against the risk of economic danger posed by the Defendant.

DATED this 23rd day of July, 2012.

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge